SO ORDERED.

Dated: March 26, 2018

*Daniel P. Collins*

**Daniel P. Collins, Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>VINCENT G. DAGIEL,<br><br>Debtor. | Chapter 7 Proceedings<br><br>Case No. 3:17-BK-07444-DPC<br><br>[NOT FOR PUBLICATION] |

## ORDER

This matter having come before the Court for an evidentiary hearing in Flagstaff, Arizona on March 23, 2018 at 1:00 p.m.; and

The Court having considered the testimony of the debtor, the exhibits admitted into evidence and having heard arguments of counsel; and

Good cause appearing.

IT IS ORDERED:

1. The Court finds that the statute at issue, A.R.S. §33-1130(1), permits an exemption for certain tools and equipment which are "primarily used in, and necessary to carry on or develop, the commercial activity, trade, business or profession of the debtor." The statute does not, however, permit such an exemption for "every" activity, trade, business or profession in which the debtor may be engaged. Rather, the statute, by its terms, is limited to "the" commercial activity, trade, business or profession of the debtor.

2. The evidence presented to the Court established that, at all relevant times, the debtor's principal occupation was that of a nurse. His wages as a nurse have and continue to provide the vast majority of his net income. While the evidence also showed that the debtor generated some additional revenue from horse training and/or raising livestock, that income was *de minimis* in comparison to the income the debtor received from his employment as a nurse. Moreover, the evidence established that the debtor's occupation as a nurse has been his primary occupation since at least 2003, whereas his income from horse training and/or raising livestock began in 2016.

3. The evidence established that the asset which the debtor was claiming exempt under the statute, a livestock trailer, was also used by the debtor to haul water and firewood for his residence, since his residence does not have traditional utility services. The Court cannot conclude that, at the date of the filing of his bankruptcy petition, the livestock trailer was "primarily" used for the horse training and livestock activities in which the debtor is also engaged. Thus, even if the Court were to conclude that horse training and livestock raising were the debtor's principal occupation, the evidence was inconclusive on the question of whether the livestock trailer was primarily used for horse training or raising livestock.

4. For these reasons, the trustee's objection to the exemption claimed by the debtor in the livestock trailer pursuant to A.R.S. §33-1130(1) is sustained and that exemption asserted by the debtor is denied.

**DATED AND SIGNED ABOVE.**